# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
MARK A. BEGUELIN, BAR NO. 3675.

No. 72637

**FILED**

MAY 11 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER OF PUBLIC REPRIMAND

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court suspend attorney Mark A. Beguelin for six months and place him on probation for two years, with the suspension stayed during that probation, for violating RPC 1.18 (duties to prospective client).

The State Bar has the burden of demonstrating by clear and convincing evidence that Beguelin committed the violation charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). We employ a deferential standard of review with respect to the hearing panel's findings of fact,[1] SCR 105(3)(b), and thus, will not set them aside unless they are clearly erroneous or not supported by substantial evidence, *see generally Sowers v. Forest Hills Subdivision*, 129 Nev. 99, 105, 294 P.3d 427, 432 (2013); *Ogawa v. Ogawa*, 125 Nev. 660, 668, 221 P.3d 699, 704 (2009).

---

[1]While Beguelin argues that the panel's findings of fact are deficient, he does not argue that their deficiency precludes this court from disciplining him. And while the findings are limited, we conclude that they are sufficient to support the panel's conclusion that Beguelin violated RPC 1.18.

In contrast, we review de novo a disciplinary panel's conclusions of law and recommended discipline. SCR 105(3)(b).

Beguelin consulted with a prospective client about filing a divorce action and during that conversation the prospective client informed Beguelin that her husband was verbally abusive. When Beguelin learned during the consultation that the prospective client was the wife of a friend and sometimes client of his, he informed her that he could not represent her because it would be a conflict of interest. Beguelin then called his friend, the prospective client's husband, and informed him of the wife's call and that Beguelin could not represent either of them in the divorce.[2] The prospective client testified at the hearing that after Beguelin called her husband, her husband telephoned her at work yelling and she was afraid to meet him to discuss the possible divorce that evening. The panel found that "the substance of . . . the prospective client's [ ] communication with [Beguelin] was later revealed by [Beguelin], in violation of RPC 1.18."

RPC 1.18(b) provides that "[e]ven when no client-lawyer relationship ensues, a lawyer who has learned information from a prospective client shall not use or reveal that information." This court has previously held that "the substance of a consultation is protected by the attorney-client privilege and, therefore, must be maintained confidentially to comply with RPC 1.18(b)." *Pohl v. Ninth Judicial Dist. Court*, Docket No. 64725 (Order Denying Petition for Writ of Mandamus, Jan. 28, 2016). While Beguelin argues that he had a duty to disclose the consultation to the

_____

[2]While Beguelin for the first time in his reply brief alleges that the State Bar failed to prove that he informed the husband that the prospective client called about a divorce, the record belies this argument as he testified at the hearing that he informed the husband "I'm not gonna assist you in this divorce."

husband under RPC 1.4, the panel chairman's finding that Beguelin did not have an attorney-client relationship with the husband concerning the divorce proceeding is supported by substantial evidence. Although Beguelin asserts that he was representing the husband in the divorce when he made the disclosure, the prospective client testified that her husband was refusing to consider a divorce at that time and was instead insisting the couple attend marital counseling. Additionally, Beguelin testified that he never prepared or filed a pleading for the husband or accepted any legal fees from the husband throughout their relationship, and that he was waiting for the husband to "pull the trigger" in pursuing a divorce. Because the panel's findings of fact are supported by substantial evidence and are not clearly erroneous, we defer to them and based on those findings, we agree with the panel's conclusion that the State Bar established by clear and convincing evidence that Beguelin violated RPC 1.18.

In determining whether the panel's recommended discipline is appropriate, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008). We must ensure that the discipline is sufficient to protect the public, the courts, and the legal profession. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (noting the purpose of attorney discipline).

Beguelin violated a duty to his potential client (failure to preserve her confidence). Beguelin's violation was knowing as the prospective client did not give him permission to reveal the content of the consultation and she had informed him that her husband was verbally abusive, so he was aware that any potential breach of her confidentiality

would put her at risk for further abuse. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards,* 425 (Am. Bar Ass'n 2015) (defining knowingly as a "conscious awareness of the nature or attendant circumstances of the conduct but without the conscious objective or purpose to accomplish a particular result"). The panel found and the record supports that there was a "large potential for harm" to the prospective client because of the nature of the legal proceedings she was pursuing and because she had disclosed to Beguelin that her husband was verbally abusive. In aggravation, Beguelin refused to acknowledge the wrongful nature of his conduct, he has substantial experience in the practice of law, and the potential client was a vulnerable victim. Although Beguelin argues that his experience should not be an aggravating circumstance because he has never encountered this problem before, his substantial experience dealing with client confidence should have assisted him in dealing with this situation or at least in seeking advice from bar counsel before disclosing the potential client's consultation to her husband. And while Beguelin argues that the prospective client was not vulnerable, her testimony about being the victim of an abusive relationship and seeking legal assistance to terminate that relationship establishes her vulnerability. In mitigation, Beguelin does not have a prior disciplinary record and did not have a dishonest or selfish motive.[3]

Considering all these factors, we disagree that a suspension is warranted because a public reprimand is sufficient to serve the purpose of attorney discipline. *See State Bar of Nev. v. Claiborne,* 104 Nev. 115, 213,

---

[3]As Beguelin concedes in his brief, the panel's finding of the mitigating circumstance of imposition of other penalties or sanctions is not supported by the record.

756 P.2d 464, 527-28 (1988) (noting that the purpose of attorney discipline is not to punish the attorney but to protect the public, the courts, and the legal profession). Though suspension is generally the baseline sanction for Beguelin's misconduct, *see* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.22 (Am. Bar Ass'n 2015) ("Suspension is generally appropriate when a lawyer knowingly reveals information relating to the representation of a client not otherwise lawfully permitted to be disclosed, and this disclosure causes injury or potential injury to a client."), we conclude that the mitigating circumstances weigh in favor of a public reprimand. The underlying misconduct is a single incident in an almost thirty-year career with no other misconduct. Thus, in light of the mitigating circumstances of absence of a prior disciplinary record and absence of a dishonest or selfish motive, we conclude a public reprimand is sufficient.

Further, we conclude that the panel's recommendation that Beguelin be assessed the actual costs of the disciplinary proceeding in addition to the administrative costs under SCR 120(3) is appropriate. The State Bar's memorandum of costs included receipts and bills accounting for those costs. Further, while the costs here were more than the costs of the average disciplinary proceeding, they were reasonable and necessary under the circumstances.

Accordingly, we hereby publicly reprimand Mark A. Beguelin for violating RPC 1.18 (duties to prospective client). Additionally, Beguelin shall pay the actual costs of the disciplinary proceedings as provided in the State Bar's memorandum of costs, and $1,500 under SCR 120(3) within 30

days from the date of this order. *See* SCR 120. The State Bar shall comply with SCR 121.1.

It is so ORDERED.

_____, J.
Cherry

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Stiglich

DOUGLAS, C.J., GIBBONS and PARRAGUIRRE, JJ., dissenting:

We disagree that a public reprimand is sufficient. The mitigating circumstances are not significant enough to warrant a deviation from the baseline sanction of suspension for Beguelin's misconduct, *see* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards,* Standard 4.22 (Am. Bar Ass'n 2015); *see also Disciplinary Counsel v. Cicero,* 982 N.E.2d 650, 652-53 (Ohio 2012) (suspending an attorney for one year after he revealed to a third party information obtained from a prospective client in a consultation). Here, Beguelin conducted a telephonic interview with a prospective client before screening the prospective client for conflicts and once a conflict was found, he then withdrew from representing the prospective client's husband.

Further, substantial evidence supports the panel's findings regarding the aggravating circumstances that Beguelin refused to acknowledge the wrongful nature of his conduct, he has substantial experience in the practice of law, and the potential client was a vulnerable victim. The recommended stayed suspension and probation would more sufficiently protect the public, the courts, and the legal profession. *See In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2001) (recognizing that "recommendations of the disciplinary panel are persuasive"). Thus, we respectfully dissent.

_____, C.J.
Douglas

_____, J.
Gibbons

_____, J.
Parraguirre

cc:    Chair, Southern Nevada Disciplinary Panel
David Hamilton
C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, U.S. Supreme Court